62 F.3d 1423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel Steve DIXON, Plaintiff-Appellant,
v.
S. BONACCORSO, Administrator at FSP B Facility; M. H.
Tristan, Coordinator at FSP; R. Munoz, Appeals
Examiner at CDC; Jack R. Reagan, Chief
of Inmate Appeals for CDC,
Defendants-Appellees.
 No. 94-17226.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 7, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Dixon, a Hawaii state prisoner, appeals pro se the district court's grant of summary judgment for defendants on his Equal Protection claim, brought pursuant to 42 U.S.C. Sec. 1983, alleging that prison officials discriminated against him when they denied him a job based on the length of his sentence. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We accord great deference to prison officials' decisions respecting the management of their prisons in light of their special expertise regarding security and order. See Bell v. Wolfish, 441 U.S. 520, 548 (1979); Michenfelder v. Sumner, 860 F.2d 328, 331 (9th cir. 1991). Moreover, because Dixon's Equal Protection claim is not based on a suspect or quasi-suspect classification, it should be analyzed under the highly deferential rational-basis standard. See Heller v. Doe, 113 S. Ct. 2637, 2642-43 (1993).
 
 
 4
 Dixon is serving a life sentence without the possibility of parole. He applied for, and was denied, a job with the prison's Work Center. Defendants contend that prisoners serving life sentences without the possibility of parole represent a greater risk of escape and that this is the reason they are not given jobs in the Work Center. Dixon concedes that the Work Center is less secure than other areas of the prison.
 
 
 5
 The prison's general policy prohibiting prisoners who are serving life sentences without the possibility of parole from working in the Work Center is justified in light of the legitimate penological interest of maintaining internal order and security. See Bell, 441 U.S. at 546; Michenfelder, 860 F.2d at 331. Dixon contends, however, that prison officials did not apply this policy uniformly. To support his contention, Dixon presented documentary evidence and an affidavit establishing that at least one prisoner with a life sentence had been given permission to work in the Work Center and another prisoner with a life sentence had been temporarily assigned to a job in the Work Center. These submissions also established, however, that the permission for the first prisoner was revoked and that the second prisoner was reassigned to a job in another location after an escape attempt by other prisoners.
 
 
 6
 Dixon also presented evidence that prisoners with life sentences worked in areas with reduced gun coverage. Although prison officials contend that the Work Center is less secure, in part, because it has reduced gun coverage, the Work Center also is the only work area in the prison that has loading docks that lead outside the prison walls. Because the work areas with reduced gun coverage that are located inside the prison are sufficiently dissimilar to the Work Center, Dixon's evidence concerning assignment of prisoners with life sentences to these work areas does not support his claim that the policy concerning the Work Center was not uniformly enforced.
 
 
 7
 Because the prison policy at issue advances the prison's legitmiate goals of maintaining internal order and security, and because Dixon has failed to show that the policy in question violates his Equal Protection rights, the district court did not err by granting defendants' motion for summary judgment.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We also cannot conclude that the district court abused its discretion by denying Dixon's motion to compel discovery by ruling that his request for "statistical data on the breakdown of inmate ethnicity, race, age, and length of sentence" of his fellow inmates was a burdensome discovery request. See Mission Indians v. American Mgmt. & Amusement, Inc., 840 F.2d 1394, 1399-1400 (9th Cir. 1987), cert. denied, 487 U.S. 1247 (1988)